# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| LEONARD C. WAFER, #008851, ) | | |
|     Plaintiff, ) | | |
| ) | | |
| v. ) | 3:07-CV-0891-D | |
| ) | ECF | |
| G.M. COX, et al., ) | | |
|     Defendants. ) | | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights complaint brought by a pre-trial detainee pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently confined at the Navarro County Justice Center in Corsicana, Texas. Defendants are Chief of Police G.M. Cox, and Detectives Paul Jock and Jeff Shacfers. The Court has not issued process in this case, pending preliminary screening. On June 5, 2007, the Magistrate Judge issued a questionnaire to Plaintiff, who filed his answers on June 26, 2007.

Statement of Case: The essence of the complaint, as supplemented by the answers to the questionnaire, is two fold. Plaintiff alleges that the Corsicana Police Department, in particular Defendant Jock, has used his wife, Marie Wafer, as a paid informant contrary to his wishes. He further alleges that Detectives Paul Jock and Jeff Shacfers falsely arrested and imprisoned him for aggravated kidnaping in March 2007, shortly after he asked them to stop using his wife as an

informant. Plaintiff claims that Marie Wafer suffers from bipolar disorder and mental illnesses, and that Defendants Jock and Shacfers have taken advantage of her mental state and drug addiction to advance their careers. Plaintiff requests compensatory damages for the time he has spent in jail.[1]

Findings and Conclusions: The Court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989).

---

[1] Shortly after filing this action, Plaintiff submitted a second complaint seeking to sue Navarro County District Attorney Lowell Thompson, and his wife Marie Wafer. That action has been assigned a separate cause number, and is presently being screened by the undersigned. *See Wafer v. Thompson*, 3:07cv1143-P (N.D. Tex., Dallas Div., filed Jun. 26, 2007).

Contrary to Plaintiff's allegations, the constitution does not prohibit law enforcement officers from utilizing the assistance of paid informants in the investigation and prosecution of criminal offenses. Therefore, insofar as Plaintiff challenges Defendants' authority in utilizing his wife as a paid informant, his claim lacks an arguable basis in law and should be dismissed as frivolous.

Next Plaintiff sues Defendants Jock and Shacfers for false arrest and false imprisonment in March 2007. He alleges they lacked probable cause to arrest him and prosecute him because they relied on his wife's statement.

In *Wallace v. Kato*, ___ U.S. ___, 127 S. Ct. 1091 (2007), the Supreme Court recently concluded that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter . . ." and that it would "refer to the two torts together as false imprisonment." *Id.* at 1095. The Court then noted that "[t]he sort of unlawful detention remediable by the tort of false imprisonment is detention *without legal process,*" and that "[l]imitations begin to run against an action for false imprisonment when the alleged false imprisonment ends." *Id.* at 1095-96. "Reflective of the fact that false imprisonment consists of detention without legal process, false imprisonment ends once the victim becomes held *pursuant to such process* – when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* at 1096.

The Fifth Circuit recognizes that to prevail on a false arrest claim, the arrestee must show that the officer did not have probable cause to arrest him. *Haggerty v. Texas Southern University*, 391 F.3d 653, 655-56 (5th Cir. 2004). A court appearance or grand jury indictment breaks the chain of causation for an allegedly false arrest. *See Taylor v. Gregg,* 36 F.3d 453, 456 (5th Cir. 1994) (holding that if the factual basis for an arrest is placed before an independent intermediary such as a grand jury, the grand jury's decision in returning an indictment breaks the

3

chain of causation for an action predicated on false arrest, thereby insulating the arresting officer from a false arrest suit); *Friedman v. United States,* 927 F.2d 259, 262 (6th Cir. 1991) (probable cause is presumed when there has been a grand jury indictment).

In this case, Plaintiff concedes that a grand jury indicted him for aggravated kidnaping on May 17, 2007, in Navarro County Cause No. 31328. (*See* Copy of indictment attached to Plaintiff's letter filed June 6, 2007).[2]

Although the indictment was allegedly based on his wife's testimony, Plaintiff has failed to identify any facts or circumstances showing why Detectives Jock and Shacfers should have doubted the veracity of his wife's statement. Plaintiff merely relies on his conclusory, self-serving assertion that his wife suffers from bipolar disorder and mental illnesses. Plaintiff's allegation that Detectives Jock and Shacfers lacked probable cause to arrest and prosecute him, without proper support, does not overcome the presumption of probable cause. Therefore, Plaintiff's false arrest and false imprisonment claims lack any arguable basis in law and should be dismissed as frivolous.[3]

Finally, Plaintiff seeks to sue Defendant G. M. Cox because he is the Chief of Police for

---

[2] Plaintiff alleges that he was subsequently charged for assault and retaliation on his wife. (*See* July 20, 2007 letter). The Navarro County District Clerk's Office confirmed telephonically that as of September 24, 2007, Plaintiff had a charge of aggravated assault with a deadly weapon pending against him in Cause No. 31328, which was scheduled for a jury trial in November 2007.

[3] In the complaint and in answer to the questionnaire, Plaintiff alleges a litany of arrests and convictions beginning in 1983 and ending with his more recent arrest in March 2007. (Complaint at 3 and Answer to Question 2). Those convictions foreclose any false arrest claim which Plaintiff may be seeking to allege in connection with his prior arrests. *See Scott v. Teter*, 2002 WL 31441227, at *3 (N.D.Tex., Dallas Div., Oct 29, 2002) (No. 3:02cv1068-M) (Findings and Conclusions of the Magistrate Judge, accepted by the District Court) (holding that action for false arrest was foreclosed by the fact that Plaintiff has been found guilty on the charge which stemmed from his arrest).

the City of Corsicana, and in that capacity he was responsible for the acts of his subordinates. (*See* Complaint at first handwritten attachment). To be liable under § 1983, an individual must be personally involved in the acts causing the deprivation of a person's constitutional rights. *See Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Supervisory officials cannot be held vicariously liable for their subordinates' actions under § 1983. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978); *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988); *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir.1985) (per curiam). Supervisory officials may be held liable only if they (i) affirmatively participate in acts that cause constitutional deprivation, or (ii) implement unconstitutional policies that causally result in a plaintiff's injury. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987); *see also Grandstaff v. City of Borger*, 767 F.2d 161, 169-70 (5th Cir. 1985).

In his complaint, Plaintiff fails to allege how Chief Cox was personally involved in any constitutional deprivation stemming from the events at issue in this case. Accordingly, Plaintiff's claim against Chief Cox lacks an arguable basis in law and should be dismissed with prejudice as frivolous.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be DISMISSED with prejudice as frivolous. *See* 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

It is further recommended that Plaintiff's motion to appoint counsel (docket #9) be DENIED as moot.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 24th day of September, 2007.

*[signature: Wm. F. Sanderson, Jr.]*

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.